# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No. 09md2087 BTM(AJB) |
| ANDREW M. SCHWISOW, <br><br> Plaintiff, <br> v. <br> IOVATE HEALTH SCIENCES U.S.A., INC., <br><br> Defendants. | Case No. 10cv874 BTM(AJB) <br><br> **ORDER GRANTING MOTION TO DISMISS** |

Defendants have filed a Rule 12(b)(6) motion to dismiss Count V (intentional misrepresentation) of Plaintiff's Complaint. For the reasons discussed below, Defendants' motion is **GRANTED**.

## I. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed

factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

## II. DISCUSSION

Defendants contend that Plaintiff's claims for intentional misrepresentation should be dismissed because it fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b). The Court agrees.

Federal Rule of Civil Procedure 9(b) requires that a party state with particularity the circumstances constituting fraud or mistake. Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997); see also United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003). In other words, "the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988). The plaintiff must also "set forth what is false or misleading about a statement and why it is false." Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994).

Plaintiff claims that Defendants made false representations through promotion, marketing, advertising, packaging, labeling, and other means, that: (1) the Hydroxycut Products had been adequately tested and contained "clinically proven ingredients"; (2) the Hydroxycut Products were safe; and (3) the Hydroxycut Products were effective. (Compl.

1  ¶ 49.) Plaintiff alleges that these representations were material to Plaintiff's decision to take
2  the Hydroxycut Products. (Compl. ¶ 50.) Plaintiff further alleges that as a result of his use
3  of Hydroxycut Products over an approximately two-month period beginning around October
4  2006, Plaintiff became ill and was diagnosed with liver injuries and other ailments. (Compl.
5  ¶ 23.)

6        Plaintiff"s fraud claim is deficient for several reasons. First, Plaintiff claims that he
7  purchased and consumed Hydroxycut Hardcore Liquid Capsules in addition to other
8  "Hydroxycut Products." Plaintiff does not identify what these other "Hydroxycut Products"
9  are. Second, Plaintiff describes the "packaging of Hydroxycut Products," and later states that
10 he purchased the Hydroxcut Products, including the Hydroxycut Hardcore Liquid Capsules,
11 because had been exposed to the "promotion, advertising, and marketing of Hydroxycut
12 Products as set forth above." (Compl. ¶ 21.) It is unclear whether Plaintiff's description of
13 the "packaging" applies to all of the Hydroxycut Products or only certain of the products. It
14 is also unclear whether Plaintiff relied on any promotional, advertising, or marketing materials
15 other than the "packaging." Finally, Plaintiff does not specify when and where he purchased
16 the Hydroxycut Products in question.[1]

17       Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's intentional
18 misrepresentation claim for failure to plead fraud with specificity.

19 ///
20 ///
21 ///
22 ///
23 ///

24

---

25      [1] Defendants also contend that Plaintiff has not sufficiently alleged scienter. Although
26 scienter need only be alleged generally, the complaint should include factual allegations sufficient to give rise to a reasonable inference of scienter. Young v. Wells Fargo & Co., 671
27 F. Supp. 2d 1006, 1032 (S.D. Iowa 2009). The Court believes Plaintiff has pled sufficient facts to support an inference of scienter. Plaintiff claims that as early as 2002, the Center
28 for Food Safety and Applied Nutrition's adverse event reporting system began receiving reports of Hydroxycut being associated with liver-related illnesses. (Compl. ¶¶ 12-13.) It can reasonably be inferred that Hydroxycut would have learned of these reports.

### III. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss Count V (intentional misrepresentation) [10cv874- Doc. No. 17; 09md2087 - Doc. No. 215] is **GRANTED**. Plaintiff shall have 30 days from the entry of this order to amend his claim.  If Plaintiff does not file an amended complaint, Defendants shall file an answer to the original complaint on or before **May 9, 2011**.

**IT IS SO ORDERED.**

DATED:  March 23, 2011

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge